# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>        Plaintiff,<br><br>    v.<br><br>S. HARMON, et al.,<br><br>        Defendants. | 1:18-cv-00140-GSA-PC<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**<br><br>**(ECF No. 1.)**<br><br>**30 DAY DEADLINE TO RESPOND** |

      Plaintiff, Raul Garza, is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 26, 2018. (ECF No. 1.)

      In his Complaint, Plaintiff alleges that he filed an appeal concerning the claims in this action, but he did not complete the third level of review before filing this case. Plaintiff indicates that he did not appeal his request for relief to the highest level of review. (ECF No. 1 at 3 ¶5.) Plaintiff states that his appeal was denied at the second level and he "can not (*sic*) wait for 3rd, but sent in 3rd level as this is [a] retaliation claim." (Id.)

      Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by

1

the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, <u>Porter v. Nussle</u>, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

Prisoners are required to exhaust before bringing suit, and the filing of a retaliation claim does not relieve them from compliance with the statutory exhaustion requirement. <u>Booth</u>, 532 U.S. at 741. From the face of Plaintiff's Complaint, it appears clear that Plaintiff filed suit prematurely and in such instances, the case may be dismissed. <u>Albino v. Baca</u>, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*) (where failure to exhaust is clear from face of complaint, case is subject to dismissal for failure to state a claim under Rule 12(b)(6)); <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .") (overruled on other grounds by <u>Albino</u>, 747 F.3d at 1168-69); <u>see</u> <u>also</u> <u>Nordstrom v. Ryan</u>, 762 F.3d 903, 908 (9th Cir. 2014) ("Dismissal for failure to state a claim under § 1915A 'incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).'") (quoting <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012)). Therefore, Plaintiff shall show cause why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit.

### **ORDER TO SHOW CAUSE**

In light of the foregoing analysis, Plaintiff is HEARBY ORDERED to respond in writing to this order, within **thirty (30) days** of the date of service of this order, showing cause why this case should not be dismissed for Plaintiff's failure to exhaust administrative remedies before filing suit. **Failure to respond to this order may result in the dismissal of this action, without prejudice.**

IT IS SO ORDERED.

Dated: **February 1, 2018**             **/s/ Gary S. Austin**
                                        UNITED STATES MAGISTRATE JUDGE