# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL GARZA,<br><br>    Plaintiff,<br><br>v.<br><br>S. HARMON, et al.,<br><br>    Defendants. | 1:18-cv-00140-LJO-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT THIS CASE BE DISMISSED, WITHOUT PREJUDICE, FOR PLAINTIFF'S FAILURE TO EXHAUST REMEDIES**<br>**(ECF No. 1.)**<br><br>**OBJECTIONS, IF ANY, DUE IN 14 DAYS** |

## I. BACKGROUND

Plaintiff, Raul Garza ("Plaintiff"), is a state prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on January 26, 2018. (ECF No. 1.)

On February 1, 2018, the court issued an order to show cause, requiring Plaintiff to show cause why this case should not be dismissed based on his representation in the Complaint that he did not exhaust his administrative remedies by submitting his appeal to the highest level of review.[1] (ECF No. 8.) On February 12, 2018, Plaintiff filed a response to the court's order to show cause. (ECF No. 11.)

---

[1] In his Complaint, Plaintiff alleges that he filed an appeal concerning the claims in this action, but he did not complete the third level of review before filing this case. Plaintiff indicates that he did not appeal his request for relief to the highest level of review stating that his appeal was denied at the second level and he "can not (*sic*) wait for 3rd, but sent in 3rd level as this is [a] retaliation claim." (ECF No. 1 at 3 ¶5.)

1

## II. EXHAUSTION OF REMEDIES

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

A prisoner may be excused from complying with the PLRA's exhaustion requirement if he establishes that the existing administrative remedies were effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172-73 (9th Cir. 2014). When an inmate's administrative grievance is improperly rejected on procedural grounds, exhaustion may be excused as "effectively unavailable." Sapp v. Kimbrell, 623 F.3d 813, 823 (9th Cir. 2010); see also Nunez v. Duncan, 591 F.3d 1217, 1224–26 (9th Cir. 2010) (warden's mistake rendered prisoner's administrative remedies "effectively unavailable"); Ward v. Chavez, 678 F.3d 1042, 1044-45 (9th Cir. 2012) (exhaustion excused where futile); Brown v. Valoff, 422 F.3d 926, 940 (9th Cir. 2005) (plaintiff not required to proceed to third level where appeal granted at second level and no further relief was available); Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009) (excusing an inmate's failure to exhaust because he did not have access to the necessary grievance forms to timely file his grievance).

A threat of retaliation may render the prison grievance system effectively unavailable, and excuse a prisoner's failure to exhaust administrative remedies. Sealey v. Busichio, 696 F. App'x 779, 780–81 (9th Cir. 2017) (unpublished decision) (citing McBride v. Lopez, 807 F.3d 982, 984, 987–88 (9th Cir. 2015). To avoid the exhaustion bar on the ground of a fear of

retaliation, a prisoner must show both a subjective and objective basis for that fear. Id. To meet the subjective prong, the prisoner must "provide a basis for the court to find that he actually believed prison officials would retaliate against him if he filed a grievance" and that he was actually deterred from filing a grievance. Id. To meet the objective prong, "there must be some basis in the record for the district court to conclude that a reasonable prisoner of ordinary firmness would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." Id.

In the rare event that a failure to exhaust is clear from the face of the complaint, the court may dismiss *sua sponte*. Bock, 549 U.S. at 215 ("A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief."); see also Salas v. Tillman, 162 Fed.App'x. 918 (11th Cir. 2006) (*sua sponte* dismissal of prisoner's civil rights claims for failure to exhaust was not abuse of discretion; prisoner did not dispute that he timely failed to pursue his administrative remedies, and a continuance would not permit exhaustion because any grievance would be untimely).

### III. DISCUSSION

Plaintiff's response to the court's order to show cause follows, in its entirety:

Plaintiff, Raul Garza, is:

(1) In fear of the illegal actions by defendants holding a Secret Hearing Committee without proper authority;

(2) In fear that more actions by defendants can and may occur by defendants without proper procedure and/or authority to do so, that can effect [*sic*] personal safety, of the law, as:

(a) defendants [have] shown a disregard of due processes of law;

(b) defendants [have] shown a reckless and evil conduct, by holding a Secret Committee without proper authority present at hearing committee;

(c) defendants' actions not only violate CDCR title 15 regulations, but violate also [the] penal code and federal laws as a form of false identity, and a form of false imprisonment;

3

> As defendants [have] shown they are capable of violating California Penal Code laws and federal laws, it is clear and visible that Plaintiff, Raul Garza, is in a present danger of personal safety and [there] could be a need for immediate judicial action as:
>
> (1) The threat is at a higher level of departmental officials who govern other staff and correctional personnel, and work with higher CDCR officials, like [the] CDCR secretary;
>
> (2) The threat can be also placing me at a [*sic*] institution where I should not be.
>
> For the above reasons of threats presented, this case should not be dismissed.
>
> Plaintiff, Raul Garza, was on or around 6-30-2016 inadvertently transferred from Salinas Valley State Prison to current California Correctional Institution by the authority of Correctional Counselor at Salinas Valley State Prison; and on 11-14-2016 at California Correctional Institution (current living) did receive 115 for resisting peace officer, and now been transferred inadvertently by Counselor with no Committee or annual [*sic*] to Calipatria State Prison as Classification Committee chrono dated [*sic*] will show the actions of defendants further, are progressing.

(ECF No. 11 at 1-3.)

Plaintiff has not shown that the appeals process was unavailable to him. Plaintiff alleges vague fears that he will be harmed or transferred by Defendants without authority, based on secret meetings. Plaintiff has not asserted that he actually believed prison officials would retaliate against him if he filed a grievance nor that he was actually deterred from filing a grievance. Plaintiff alleges no facts for the court to infer that Plaintiff's fears of unauthorized action against him are more than his own speculation. Therefore, Plaintiff has not met the subjective prong for avoiding the exhaustion bar on the ground of a fear of retaliation. Nor has Plaintiff satisfied the objective prong. Plaintiff provides no basis for the court to conclude that a reasonable prisoner "would have believed that the prison official's action communicated a threat not to use the prison's grievance procedure and that the threatened retaliation was of sufficient severity to deter a reasonable prisoner from filing a grievance." Sealey, 696 F. App'x at 780–81 (citing McBride, 807 F.3d at 987–88.

Based on the above analysis, the court finds that Plaintiff failed to exhaust the administrative remedies available to him before filing suit, and this case should therefore be dismissed.

///

### III. ORDER AND RECOMMENDATIONS

The court finds that Plaintiff failed to exhaust his administrative remedies before filing suit, pursuant to the Prison Litigation Reform Act of 1995, and failed to show that the exhaustion process was somehow unavailable to him. Accordingly, **IT IS HEREBY RECOMMENDED** that:

1. This case be DISMISSED, without prejudice, for Plaintiff's failure to exhaust his available administrative remedies before filing suit; and
2. The Clerk be directed to CLOSE this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 16, 2018**  /s/ Gary S. Austin
UNITED STATES MAGISTRATE JUDGE